Opinion filed August 31, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00064-CR
_____

### RANDALL SIERRA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-42,995**

## M E M O R A N D U M   O P I N I O N

Appellant, Randall Sierra, pleaded guilty in May 2014 to the offense of evading arrest or detention. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a term of five years. In March 2015, the State filed a motion to adjudicate guilt based upon Appellant's alleged violations of the terms and conditions of his community supervision. At a hearing on the State's motion to adjudicate, Appellant pleaded "true" to the alleged

violations. The trial court found the allegations to be true, adjudicated Appellant guilty of the charged offense, and assessed his punishment at confinement for eight years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, a complete copy of the reporter's record and clerk's record, and a motion for pro se access to the record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]By letter, this court granted Appellant at least thirty days in which to exercise his right to file a response to counsel's brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Furthermore, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


August 31, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.